## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0659** (Berkeley County 11-F-242)

**Brian Shamburg,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner's appeal, by counsel Nicholas Colvin, arises from the Circuit Court of Berkeley County, wherein he was sentenced to a term of incarceration of forty years for his conviction of first degree robbery, a term of incarceration of one to five years for his conviction of conspiracy to commit robbery, and a term of incarceration of two to ten years for his conviction of malicious assault, said sentences to run consecutively. That order was entered on May 7, 2012. The State, by counsel Cheryl K. Saville, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2011, a Berkeley County Grand Jury indicted petitioner on one count of burglary, one count of first degree robbery, one count of assault during the commission of a felony, one count of conspiracy to commit robbery, and one count of malicious assault. The indictment stemmed from a home invasion perpetrated by petitioner and several accomplices wherein they attacked the home owner, hitting and kicking him in the face and repeatedly employing the use of an electrical shock device. The victim suffered multiple injuries, including a broken cheek bone and broken teeth. Following discovery, petitioner entered into a plea agreement whereby he entered guilty pleas to three counts of the indictment charging first degree robbery, conspiracy to commit robbery, and malicious assault. Pursuant to the plea agreement, the remaining charges were dismissed. After obtaining a presentence investigation report, the circuit court sentenced petitioner to a term of incarceration of forty years for first degree robbery, a term of incarceration of one to five years for conspiracy to commit robbery, and a term of incarceration of two to ten years for malicious assault, said sentences to run consecutively. Petitioner was also ordered to pay restitution and costs.

On appeal, petitioner alleges that the circuit court's sentence was excessive and contrary to the interests of justice. In support, petitioner argues that he has been punished almost as severely as someone convicted of first degree murder, and further argues that without his assistance,

1

neither of his co-defendants would have changed their pleas. Petitioner argues that he should have received a lesser sentence than his co-defendants because of his cooperation. In short, petitioner seeks concurrent sentences. He further argues that this Court is entitled to review the sentence imposed for first degree robbery because the statute under which he was convicted has no express upper limit. Further, petitioner argues that the circuit court considered an impermissible factor at sentencing when it considered a statement by the lead investigator, Trooper Maynard. According to petitioner, Trooper Maynard does not qualify as a victim for purposes of West Virginia Code § 61-11A-2(a).

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). We have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). A review of the record shows that the circuit court sentenced petitioner within the applicable statutory guidelines for all the crimes of which petitioner was convicted. Additionally, the sentence for first degree robbery in West Virginia, pursuant to West Virginia Code § 61-2-12 is no less than ten years. In the present case, the victim stated that he was beaten so severely that he required extensive medical procedures. This Court has previously upheld a sentence of sixty years for armed robbery in *State v. Spence*, 182 W.Va. 472, 388 S.E.2d 498 (1989), where there was no physical injury of the victim. Therefore, under the facts of this case, petitioner's sentence is not found to be excessive, and we find no error in the circuit court's order.

Further, the Court finds no merit in petitioner's argument that the circuit court relied upon an impermissible factor in reaching its sentence because of its reference to Trooper Maynard's comment about his hope that petitioner receive a "significant amount of incarceration and consecutive sentences . . . ." Petitioner relies upon West Virginia Code § 61-11A-2 to argue that the circuit court was not permitted to consider this statement, but that code section relates only to victims providing testimony prior to sentencing and in no way prohibits circuit courts from considering such a statement by law enforcement.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II